## LUTZ v. LONG–BELL LUMBER SALES CORPORATION.
### No. 1281.

Court of Appeal of Louisiana. First Circuit. May 8, 1934.

For original opinion, see 153 So. 319.

Thornton, Gist & Richey, of Alexandria, for appellant.

M. R. Stewart, of Lake Charles, for appellee.

MOUTON, Judge.

Counsel for defendant stated in their original brief, as was remarked by us in our original opinion, that the Long-Bell Sales Corporation, defendant herein, has sawmill plants in the states of Oregon and Washington where it manufactured lumber, and, for the disposal of their output, ships lumber to a lumber yard in Lake Charles, La.

In their brief filed in support of their application for a rehearing, counsel for defendant say:

"It is our contention that the operation by defendant of its lumber yard business in Lake Charles was a separate and distinct business from that of manufacturing lumber in the State of Washington; that the defendant's business in Lake Charles was solely a merchandising operation and not in any sense a necessary adjunct of its manufacturing business."

Article II of plaintiff's petition is as follows:

"That, the said Long-Bell Lumber Sales Corporation was, on the 1st day of January, 1932, before and since, a lumber manufacturing company owning and operating saw-mills and lumber yards as its trade, business or occupation and which is hazardous."

In the answer of defendant this paragraph II of plaintiff's petition is admitted. It was therefore admitted by defendant that the sawmills it operated and "lumber yards" constituted the trade, business, or occupation in which it was engaged and that it was hazardous.

Such an admission cannot be harmonized with the contention of counsel for defendant in their brief for a rehearing, that the lumber yard business it was carrying on in Lake Charles was separate and distinct from its manufacturing business. It is true that defendant, after admitting paragraph II of plaintiff's petition, above quoted, averred that it had not been engaged in manufacturing lumber in Louisiana for more than two years; and, that at the time its answer was filed, its sole business in Calcasieu parish was in buying and selling lumber at wholesale. That might have been true, but such a fact could not destroy the admission that it operated its sawmills and lumber yards "as its trade, business or occupation," etc., which had been alleged in paragraph II of plaintiff's petition, and admitted by defendant, as before stated.

In answering paragraph VI of plaintiff's petition, defendant, the Long-Bell Lumber Sales Corporation, avers that Cline had been employed by defendant to resaw or remanufacture lumber it had in stock in its lumber yard in Lake Charles.

Here again it appears that Cline was employed by the defendant company to remanufacture that lumber. It is rather singular that if such work was needed by the lumber yard at Lake Charles, as a separate entity, that the employment should have been attended to by defendant company. Evidently, the reason is that the lumber had to be readjusted for the trade or occupation in which defendant company was engaged. Cline was employed to resaw or readjust the timber, according to specifications from defendant company, that it might be fit to be placed in the lumber yard in Lake Charles for sale to the general public. Cline was unquestionably employed by defendant company to put this timber in shape for sale.

This timber was being resawed by Cline for the trade, business, or occupation of defendant company. The admission by defendant of paragraph II of plaintiff's petition, that the "lumber yards" of defendant company with its sawmills constituted its trade or occupation, can lead to no other conclusion.

This conclusion is supported by the averment in defendant's answer, that it had employed Cline to remanufacture the lumber, which, as we read the answer and the evidence, could have had no other purpose than for its readjustment and, finally, for its sale on the market.

The defendant company, having employed Cline, was certainly the principal and Cline, unquestionably, the contractor.

As was said in our original opinion, as Cline was the immediate employer of plaintiff, he was certainly liable to plaintiff which had been so decreed by judgment of court. After so stating, we held, that under section 6 of Act No. 85 of 1926, pp. 110, 113, under which this suit is brought, that when an employee is employed in the execution of a work by the contractor, the principal is liable to the employee as he would have been "liable to pay if that employee had been immediately employed by him." Defendant company will not deny that it was engaged in the manufacture of lumber, which needed resawing and which, we find, was necessary for its sale to the public. This work to manufacture the lumber was undertaken by defendant company but evidently had not been completed, else Cline would not have been employed to put it in dif-

ferent shape or style as was required by the specifications.

Section 6 of that act says, a person employed for the execution of the whole or part of the work undertaken by the principal is a contractor and, though for a part meets the contention, under the statute, of defendant, that only a portion of the lumber in the defendant's lumber yard had been given to Cline for readjustment. In this case, Cline was employed for the execution of the work on the timber or part which had not been completed by defendant company, the principal.

The act then says:

"The principal shall be liable to pay to any employee employed in the execution of the work * * * any compensation under this act which he would have been liable to pay if that employee had been immediately employed by him."

In the execution of that work so undertaken by defendant company and not finished, Cline was employed, as contractor, and plaintiff, as a sawyer, was employed by Cline, the contractor. Defendant company would not contend that it would not be liable to plaintiff if he had been its employee.

Under the statute, we now hold, as we originally held, that it is liable, as principal, to plaintiff who must be considered in the same light as if he had been an immediate employee of defendant company.

On the issue of warranty, we adhere to our finding as expressed in our original opinion.

The rehearing is therefore refused.