(130 So. 1)

## SEABURY v. ARKANSAS NATURAL GAS CORPORATION.

### No. 30659.

July 2, 1930.

Rehearing Denied Aug. 7, 1930.

John B. Files, of Shreveport, for applicant.

Julius T. Long, of Shreveport, for respondent.

THOMPSON, J.

This is a suit by an employee to recover compensation for the loss of a leg. The suit is instituted under the Employers' Liability Law of 1914 and the various amendments thereto and particularly section 6 of said statute.

The defendant, after a specific denial of each allegation of plaintiff's petition, specially denied that plaintiff was in the employ of defendant corporation, or was working for defendant in any capacity.

In the alternative it is alleged that if it should be held plaintiff was an employee of defendant then defendant is not liable because the injury the plaintiff received was not received in the course of his employment.

There was judgment for plaintiff in the district court and that judgment was affirmed by the Court of Appeal.

There is little or no dispute as to the employment of plaintiff, the character of work he was doing, the wages he received, by whom he was employed and paid. Nor is there

any dispute of the fact that the plaintiff's leg was injured while he was engaged in the work for which he was employed, to such an extent as to necessitate amputation.

The plaintiff is therefore entitled to the compensation claimed if defendant can be held liable under the statute.

The defendant was engaged in the business of drilling wells for oil and of selling the oil produced to the public. In its drilling operations it was necessary to move the pipe and equipment from one well to another. Tom Jarrell was employed to move certain pipe, and he in turn employed the plaintiff in that work.

It is conceded that the plaintiff would have been entitled to recover from Jarrell for the injuries sustained, but it is contended by the defendant that as defendant did not employ the plaintiff, the remedy is exclusively against Jarrell.

Section 6 of Act No. 20 of 1914 declares in substance that where any person undertakes to do any work, which is a part of his trade, business or occupation and contracts with any other person for the execution by or under the contractor of the whole or of any part of the work undertaken by the principal, the said principal shall be liable to pay any workman employed in the execution of the work any compensation which he would have been liable to pay if that workman had been immediately employed by him.

This section further provides that where compensation is claimed from the principal then in the application of this act, reference to the principal shall be substituted for reference to the employer, but the amount of the compensation shall be calculated with reference to the earnings of the workman under the employer by whom such workman is immediately employed.

The principal who is held liable to pay compensation is entitled to indemnity from any person who would have been liable to pay compensation to the workman independently and is given a cause of action therefor.

The language of the act seems to us to be clear and unambiguous and was intended to give the workman a direct action against the principal engaged in the business for which the workman was employed although such workman was employed by an independent or sub-contractor of such principal.

It was not necessary for the defendant to have had any direct contractual relations with the plaintiff or to have obligated itself to pay the wages of the person employed by Jarrell.

The statute was in existence at the time the defendant employed Jarrell and at the time Jarrell employed the plaintiff to do the work. The contract was made with reference to the statute and hence the provisions of the statute were read into the contract. There was therefore a legal contractual relation between the defendant and the plaintiff.

It is argued that the defendant was not engaged in any hazardous occupation, and as a matter of fact that the defendant was not engaged in any business at all. That the defendant was drilling its own oil wells.

But the statute under consideration declares in express terms that the construction, repair, removal, operation, and maintenance of oil and gas wells is a hazardous business and occupation, and this court has held that a teamster hauling by mule teams and wagons such things as engines, boilers, pumps, pipes, and other machinery and material for the construction, operation, repair, maintenance, demolition, and removal of oil and gas wells, was engaged in a hazardous occupation within the meaning of the statute. Durrett v. Woods, 155 La. 534, 99 So. 430.

The defendant was engaged, as we have stated, in drilling and operating wells for the production of oil for sale. The pipe is nec-

essary for use in such business. Jarrell was employed to remove the pipe from one well to another, and he employed the plaintiff to do such work. So that the business of the defendants, of Jarrell, and of the plaintiff was a hazardous business under the terms of the statute.

It is no answer to say that the defendant was drilling and operating its own wells on its own leases.

The defendant corporation was organized for the purpose of such business; that is to say, to acquire leases and lands for the purpose of exploring for oil, not for its own use and consumption, but to sell to the public for profit. All leases acquired and land purchased was for drilling purposes and for no other purpose. That was the company's business and occupation. It is a mere play on words to argue otherwise.

The counsel for defendant would liken the defendant's situation to that of a person who desired to have a house built for his own use and made a contract with a contractor, who in turn employed laborers to do the work, and argues that if the defendant be liable then the owner having the house built would be liable to the workman employed by the contractor.

There is not the least similarity in the two cases. Here the defendant is admittedly engaged in the oil business, drilling for oil as a business. Mr. Fox, superintendent of the defendant company, testifying as a witness for his company, stated that his company was engaged in the oil business, drilling for oil, and that the plaintiff was actually helping in that business hauling pipe connected with that business.

On the other hand, the owner who has his own house built is not engaged in a business of building houses in any sense of the term, and we imagine that no court could be found which would in such a case hold that the owner having his own house built was engaged in a business within the meaning of the statute.

Suppose, however, that a person was engaged in having houses built for sale or for rent to the public and not for his own use as a home, would counsel argue that such a person would not be engaged in building or having homes built as a business within the terms of the statute?

Our conclusion is that defendant was engaged in a business which was a hazardous business within the meaning of the statute under consideration and that it is liable to the plaintiff.

What was said in Helton v. Tall Timber Lumber Co., 148 La. 180, 86 So. 729, is appropriate in this case. It is true in that case that the plaintiff's demand was rejected, but it was on the ground that he was not an employee at all either of the principal or of the independent contractor.

The pertinent part of the opinion as properly expressed in the syllabus is as follows:

"Under Workmen's Compensation Act, § 6, one employing an independent contractor was liable for the death of one working for the contractor, if the workman was an employee, and not himself an independent contractor."

In the instant case it is not pretended that the plaintiff was an independent contractor. He was an employee of an independent contractor employed to do the work by defendant, the principal.

There is no violation of contract rights in the act under consideration, and hence the statute is not unconstitutional on that score.

It was clearly within the power of the Legislature to make the principal engaged in a hazardous business liable to any workman employed in such business whether such workman was employed by the principal or

by an independent contractor or vice-principal. The act in this respect does not restrain the liberty and freedom of contract any more than it does in making the principal liable for injuries to workmen directly employed by such principal.

■ The contention that, by suing or attempting to sue Jarrell by whom plaintiff was employed, the plaintiff thereby waived his right of action against the defendant, has no merit.

The plaintiff under the statute could have sued both the defendant and Jarrell, as they were equally liable under the statute. The defendant has not been injured in the least by the attempted suit against Jarrell. The defendant has its recourse against Jarrell when it has paid the judgment in plaintiff's favor.

The judgment of the Court of Appeal under review is affirmed at defendant's cost in all courts.

ROGERS, J. (dissenting).

I respectfully dissent from the majority opinion and decree herein. The defendant company is engaged in the business of developing and operating its own oil leases for its own account—not for the account of any other company or person. The defendant company was not the contractor for the work but the owner of the property which entered into a contract with plaintiff's employer to haul some pipe. In my opinion, section 6 of Act No. 85 of 1926 does not apply to such a state of facts. The section applies, as I view it, solely to a contractor who contracts or undertakes to do a particular piece of work and employs subcontractors or other persons in the performance of his contract or undertaking—not to an owner who merely employs an independent contractor. This interpretation of the statute, I think, is made plain by the language contained in paragraph 4 of section 6 of the statute, giving the right to a *principal contractor*, when sued by an *employee* of a *subcontractor* or his dependent, to call the *subcontractor* or any *intermediate contractor* as a codefendant and to demand indemnity *from his subcontractor* for compensation paid on account of an accidental injury to the *employee* of the *subcontractor*.