ROGERS, Justice.
 

 This is a suit brought under the Workmen’s Compensation Act by Mrs. Lillie Hollingsworth individually and on behalf of her minor children.
 

 Plaintiff alleges that her husband, Enoch Hollingsworth, was employed by Sam PIollingsworth to drive a truck and to assist in loading and unloading pulpwood, and that in the course of his employment her husband suffered an accidental injury from which he subsequently died; that Sam Hollingsworth, her husband’s employer, was an independent contractor hauling pulpwood belonging to the Crossett Lumber Company to the paper mill of the Southern Kraft Corporation in Bastrop, Morehouse parish, La.; that, at the time of the injury and death of her husband, the Crossett Lumber Company was operating a sawmill at Crosssett, Ark., and carry^ing on a general logging business in More-house parish, in conjunction with which it was engaged in the business of cutting and hauling pulpwood.
 

 Plaintiff’s suit is against the Crossett Lumber Company as the principal of Sam Hollingsworth, and is predicated on the right of the dependents of a fatally injured employee of a subcontractor to recover compensation from the contractor’s principal under the provisions of section 6 of Act No. 20 of 1914 as amended by Act No. 38 of 1918 (page 52) and Act No. 85 of 1926 (page 113). The statutory provision on which plaintiff relies reads as follows, viz.:
 

 “That where any person (in this section referred to as principal) undertakes to ex-
 
 *9
 
 ecuté any work, which is a part .of his trade, business or occupation or which' he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be. liable to pay to any employee employed in the execution of the work or his dependent any compensation under this act which he would have been liable to pay if that employee had been immediately employed by him.”
 

 Plaintiff’s demands were rejected by the district court, but the Court of Appeal for the Second Circuit reversed the judgment and granted plaintiff the compensation for which she sued. 160 So. 327. The case is before us on a writ of review obtained by the Crossett Lumber Company.
 

 Relator contends that the Court of Appeal erred in the following particulars, viz.: (1) in holding that relator is engaged in the business of hauling pulpwood; (2) in holding that Sam Hollingsworth was an independent contractor; (3) in holding that Sam Hollingsworth was authorized to employ Enoch Hollingsworth, plaintiff’s husband, to haul the pulpwood; and (4) in failing to hold that plaintiff’s action was barred because of her failure to. give notice of her husband’s injury and death within six months after they occurred.
 

 1. The record shows that the Cros.sett Lumber Company is the owner and operator of a sawmill at Crossett, Ark., just north of the Louisiana line, and that it also owns or controls a large amount of timber situated in Morehouse parish. At the time plaintiff’s husband was injured, the defendant lumber company was engaged in the logging business in Louisiana. After cutting out the timber suitable for sawlogs and shipping them to its mill, it cut the tops of the larger trees and also the broken timber and smaller trees into pulpwood, which it sold and delivered to the Southern Kraft Corporation at its paper mill in the town of Bastrop. The record further shows that the defendant lumber company employed Sam Hollingsworth to haul by truck to the plant of the paper mill the wood or logs obtained from the treetops and defective timber, paying him a fixed price per cord for the service. Sam Hollingsworth used his own trucks and employed his own men to drive, load, and unload the trucks; one of his employees being Enoch Hollingsworth, plaintiff’s husband, who was paid $1.75 per day. On this, showing in the record, we think the Court of Appeal was 'amply justified in holding that the cutting and hauling of pulpwood formed a material part of relator’s business.
 

 2. The testimony in the record leaves no room for doubt that Sam Hollingsworth was an independent contractor. He furnished his own trucks, employed his own labor, and had exclusive supervision of the hauling. Moreover, in its answer, in denying liability for the injury 'and death of plaintiff’s husband, the defendant lumber company expressly admitted that “Sam Hollingsworth is and was independent contractor.”
 

 
 *11
 
 3. We find no force in relator’s contention that, if Sam Hollingsworth was an independent contractor, nevertheless he was not empowered to employ others to do the work he was employed to do. There was nothing in the agreement between the parties that prohibited Sam Hollingsworth from employing laborers to assist him in carrying out his contract. In fact, the record indicates the necessity for such employment. The amount and character of the work required the use of more than one truck and the employment of more than one assistant. It could not have been carried on by Sam Hollingsworth alone. Enoch Hollingsworth, plaintiff’s husband, was only one of the laborers employed by Sam Hollingsworth to assist him in the work. His duties were to drive and, with the aid of a helper, to load and unload one of the trucks engaged in hauling the pulpwood. Relator never at any time protested the employment, by Sam Hollingsworth of Enoch Hollingsworth or of any of his fellow workers. And there can be no question that Sam Hollingsworth was fully authorized as a contractor to employ all the laborers • necessary for the prompt and satisfactory fulfillment of. his contract.
 

 4. Section 11 of the Workmen’s Compensation Act (Act No. 20 of 1914, as amended by Act No. 247, of 1920, p. 473) requires that notice shall be given to the employer within six months after the date of the employee’s injury or death. The record shows, and the Court of Appeal so found, that Sam Hollingsworth, decedent’s immediate employer, had such notice, but that relator, his principal, did not until shortly after six months had elapsed from the death. The statutory requirement is for notice to the employer, not for notice to the principal, where the workman is employed by a contractor.
 

 Section 12 of the act (as amended by Act No. 38 of 1918, p. 58) provides for the posting at a conspicuous place about the employer’s place of business of a printed warning calling employees’ attention to the necessity for giving notice in case of injury or death and the person to whom the notice should be given. The penalty exacted for failure to comply with the provision is the extension of the time within which notice is required to be given from six to twelve months. No notice was posted, and the relator received notice of the injury and death of plaintiff’s husband within the extension period of twelve months. Furthermore, subsection 2 of section 11 provides that the delay in giving notice shall not bar recovery unless the employer can show prejudice. The only prejudice suggested by relator is that, if relator had known of the decedent’s injury, it might have secured him better medical attention. But relator makes no complaint of the medical treatment received by the decedent. The record shows that the decedent was properly treated by his attending physician, and we do not think the remote possibility suggested by relator constituted material prejudice.
 

 Our conclusion is that no error was committed by the Court of Appeal and that its judgment is correct. See Helton v. Tall Timber Lumber Co., 148 La. 180,
 
 *13
 
 86 So. 729; Seabury v. Arkansas Natural Gas Corp., 171 La. 199, 130 So. 1.
 

 For the reasons assigned, the judgment of the Court of Appeal herein under review is affirmed, at relator’s cost.
 

 ODOM, J., dissents.
 

 Note: — In this case, an application for rehearing was filed; pending which, the case was compromised.