## BRISTER v. MILLER.
### No. 1796.

Court of Appeal of Louisiana. First Circuit.

Jan. 11, 1938.

Wood & Wood, of Leesville, for appellant.

D. D. Newman, of Leesville, for appellee.

DORE, Judge.

Plaintiff is the widow of Mike Brister and the mother of his eight minor children. It is alleged that Brister was cutting logs for the defendant on July 29, 1937, and that the saw which he and his brother were using to cut down a tree became stuck or pinched in the tree, and in order to keep the tree from splitting, they pulled hard on the saw to cut the tree before it split; that the deceased jerked on the saw and strained himself, lay down on the ground, and died a few minutes thereafter. The suit is by the widow for herself and her minor children for compensation for 300 weeks on the basis of a wage of $3 per day for a 6-day week.

Defendant denies that deceased was in his employ at the time of his death, and also denies that he died as a result of an accident and injury, but that he died of natural causes, viz., heart failure. The trial court rejected the demand on the ground that the evidence showed that the deceased did not die as the result of an accident, but that he died from heart trouble. Plaintiff has appealed.

The evidence shows that the deceased, together with his brother, was sawing down a tree; that he was pulling one end of the saw and his brother was pulling the other end; that the saw became pinched in the tree; that they were pulling the saw rapidly in order to cut deeper into the tree before it fell so as to keep it from splitting; that deceased jerked on his end of the saw and remarked that he had hurt himself, and stepped off a few feet, lay down, gasped for breath, and in a few minutes died. The day was hot, and it appears that the deceased was hot from the hard work of pulling the saw; there being some evidence that he had been panting for breath shortly before his death. It appears that the deceased had gone to work that morning with his brother about 8 o'clock, and he died an hour or so afterwards.

The coroner was called and he pronounced the cause of death as heart failure. He found no objective signs of an injury nor any violence to the body of the deceased. The evidence does not show that the deceased had ever complained of heart trouble before. A doctor testified that a person with a weak heart could be seriously affected by a sudden strain or jerk. Of course, the doctor could not say that the strain or jerk which deceased received was the cause of his death, nor could he say that the cause of death was heart failure.

It is our conclusion that the evidence shows that the deceased died of heart

failure caused from the strain and over-exertion in pulling the saw at a time when he was overheated. This being the case, the facts are very similar to the facts in the case of Wright v. Louisiana Ice & Utilities Co., Inc., 19 La.App. 173, 138 So. 450, decided by this court, and in which the Supreme Court denied a writ. In the cited case the deceased employee collapsed while delivering a block of ice. It was found that he died of heart failure caused from overstraining and overexertion in lifting the ice. There was no objective symptoms of an injury. The court held that even though the deceased had a weak heart and the overexertion caused his heart to dilate, producing death, the accident bore a causal connection with the work he was doing at the time of the overexertion. See, also, Becton v. Deas Paving Co., Inc., 3 La.App. 683, and Johnson v. Zurich Gen. Accident & Liability Ins. Co., La.App., 161 So. 667. In this case it is manifest that the heart failure that proximately caused the death of the deceased was brought on or aggravated by the strain and exertion in trying to pull the saw through the tree at a rapid rate of speed and at a time when deceased was overheated. Under these circumstances and the cited cases, the case is compensable.

■ The preponderance of the evidence shows that the defendant employed the deceased and his brother to cut these logs at the rate of $2 per thousand feet. The timber was bought from the father of deceased by the defendant, and the defendant hired these two men to cut the timber. This is indicated also from the fact that defendant testified that he was present when the tree was being cut at the time deceased died. In any event, as the defendant was engaged in the logging business, he would still be liable for compensation even though the deceased had been working for an independent contractor in getting out these logs for defendant. See Seabury v. Arkansas Natural Gas Corp., 171 La. 199, 130 So. 1; Hollingsworth v. Crossett Lumber Co., 184 La. 6, 165 So. 311.

■ Deceased's brother testified that he and the deceased had cut about 300 feet of timber that morning before his brother's death, and that he estimated that they could have cut from three to four thousand feet per day. If we take the minimum of three thousand feet per day at $2 per M., the two would have earned $6, or $3 each. This would make the rate of pay $18 per week, and the compensation $11.70 per week for a period of 300 weeks, beginning July 29, 1937. There is no proof of any funeral or hospital expenses, and of course we cannot allow anything on this item.

For these reasons it is ordered that the judgment appealed from be reversed, annulled, and set aside; and it is further ordered that there be judgment in favor of plaintiff, for the joint benefit of herself and her minor children, and against the defendant herein in the sum of $11.70 per week for a period of 300 weeks beginning on July 29, 1937; these payments to bear interest at the rate of 5 per cent. per annum from the date of their respective maturities, and all costs.