## McKAY v. CROWELL & SPENCER LUMBER CO. et al.

### No. 1984.

Court of Appeal of Louisiana. First Circuit.

June 6, 1939.

Julius T. Long, of Shreveport, for appellant.

Gist & Thornton, of Alexandria, for appellee.

DORE, Judge.

This is a suit for workman's compensation at the rate of $9.75 per week for 400 weeks, based on the following allegations:

That plaintiff was in the employment of the defendants as operator and driver of a motor truck engaged in the hauling of logs; that on June 9, 1937, while plaintiff was hauling logs for defendants in his truck, the truck broke down; that plaintiff thereupon unloaded his truck and got it ready for transportation to Leesville, for repairs; that on June 11, 1937, while the truck was being pulled by another truck en route to Leesville, plaintiff was forced to steer his truck to the left to avoid running into the truck towing him, and thereupon, upon losing control of his truck and seeing that it would run into objects outside of the traveled portion of the highway, he attempted to get off of the truck but in doing so he slipped and fell on the ground and the wheels of the truck ran over his left leg and ankle, causing permanent injury; that at the time of said injury he was earning a daily wage of $2.50.

The defense is (1), that plaintiff was an independent contractor; that he furnished his own truck and assistants and that the defendants had no supervision or control over his movements except to point out the location of the logs to be hauled and the place of delivery; and (2), that the plaintiff at the time of his injury was not in the course of his employment, but was on a personal mission; to-wit, the repair of his truck.

The lower court found from the evidence that the plaintiff was an employee of the defendants, but that his injury did not arise out of or in the course of his employment; and rendered judgment in favor of the defendants dismissing plaintiff's suit. The plaintiff has appealed.

The following facts appear to be well established by the evidence:

The defendant, G. R. Carver, entered into a contract with the defendant, Crowell & Spencer Lumber Company, to cut down all dead and dying timber from lands of the lumber company and to haul the logs to the lumber company tram at Hutton, Louisiana, for a consideration of so much per thousand feet.

In carrying out his agreement with the lumber company, Carver found it necessary to hire other persons, and by verbal agreement hired the plaintiff to haul logs from the woods to the tram at the pay of $2.55 per thousand feet. Under the agreement, Carver would point out the logs to be hauled and plaintiff would thereupon "bunch" the logs, load them in his own truck and haul them to the tram at Hutton. Plaintiff furnished all equipment for his part in the work and paid his own expense, and had the privilege, which he at times exercised, of hiring helpers. The length of employment was not specified and there was no agreement as to the amount of timber to be hauled by plaintiff per day or during the existence of Carver's contract. It appears that Carver had the privilege of discharging plaintiff at any time and plaintiff had the privilege of leaving at any time. Apparently, Carver retained a certain amount of supervision over plaintiff, since it was within his authority to direct plaintiff where and when to pick up the logs and where and when to deliver them.

On June 9, 1937, late in the evening, plaintiff's truck broke down en route from the lumber company's woods to Hutton, under a load of defendant's logs. Plaintiff then went to the nearby town of Simpson to secure the services of a mechanic whom he thought could repair the truck without unloading. Being unable to secure such help, he decided to leave his truck where it was until the next morning, and he thereupon appears to have retired for the night at his home in Simpson. The next morning (June 10th) he unloaded his truck, and a neighbor and fellow worker, named Sanders, towed the broken truck to Simpson preparatory to pulling it to Leesville; that since Sanders had to go to Leesville the following day (June 11th), he allowed the truck to remain in Simpson until then. Plaintiff's actions during the remainder of June 10th are not shown by the evidence. On the morning of June 11th, Sanders was towing plaintiff's truck to Leesville, when a cow appeared on the highway and forced San-

ders to apply his brakes and forced plaintiff to steer his broken truck to the left to avoid running into Sanders' truck, and, upon plaintiff seeing that he would go off the highway, he attempted to jump off of his truck, but in doing so slipped and fell below the truck, the wheels of which ran over his left leg and ankle, causing the injury on which this suit is based. It is shown by the evidence that the spot where the injury occurred was several miles off the route used in hauling the logs.

It is unnecessary, in reaching a decision in this case, to consider the evidence with reference to the extent of the injury and the amount of plaintiff's wages at the time of his injury, unless we can find liability from the facts as set forth above, and to find liability it is necessary, in the light of these facts, to answer in the affirmative the following two questions:

1. Was the plaintiff, under the provisions of the Compensation Act, Act No. 20 of 1914, an employee of the defendants or either of them?

2. If he were such employee, did his injury arise from his employment and/or in the course of his employment?

With reference to the first question, it appears clear from the facts that plaintiff was not, as to defendant Carver, a subcontractor, as he did not engage to do a specific piece of work as a unit or as a whole for a certain price. He was therefore an employee of Carver under the compensation law. Burt v. Davis-Wood Lumber Co., 157 La. 111, 102 So. 87; Felts v. Singletary, La.App., 143 So. 68; James v. Hillyer-Deutsch-Edwards, 15 La.App. 71, 130 So. 257.

As the plaintiff occupied the relation of an employee of Carver, it is immaterial whether Carver was an independent contractor or not, as the principal, the defendant Crowell & Spencer Lumber Company, would be liable even though Carver were an independent contractor. Hollingsworth v. Crossett Lumber Co., 184 La. 6, 165 So. 311; Seabury v. Arkansas Natural Gas Corp., 171 La. 199, 130 So. 1; James v. Dear & Johnson, Inc., La.App., 172 So. 25.

With reference to the second question, we feel that the lower court correctly held that the accident did not arise out of plaintiff's employment, nor in the course of his employment. It is shown by the facts that the accident occurred at a time when the plaintiff was not engaged in his employment, but, on the contrary, was on the personal mission of having his own truck repaired. It is shown that the place of the accident was on a public highway several miles from the premises where the logging work was being done and entirely disconnected from such premises. Under the decisions in Thompson v. Glen Hill Gravel Co., La.App., 141 So. 797, and Harless v. Forgy, Hanson & McCorkle, La.App., 149 So. 135, plaintiff clearly is not entitled to recover. Nor could the two recent cases of Osborne v. McWilliams-Dredging Co. et al., 189 La. 670, 180 So. 481, and Rogers v. Mengel Co., 189 La. 723, 180 So. 499, be stretched to cover a situation like the present one.

For the reason stated, we are of the opinion that the judgment is correct, and it is therefore affirmed.