## STANLEY v. INDUSTRIAL LUMBER CO., Inc., et al.

### No. 2079.

Court of Appeal of Louisiana. First Circuit.

Jan. 30, 1940.

Kaufman & Anderson, of Lake Charles, for appellant.

Gist & Thornton, of Alexandria, for appellees.

DORE, Judge.

This is a suit under the Workmen's Compensation Act, Act No. 20 of 1914, wherein plaintiff seeks to recover compensation from Garland S. Holbrook and the Industrial Lumber Company for total permanent disability, at the rate of 65% of $12 per week for a period not to exceed 400 weeks, plus $250 for medical expenses, on account of an injury received by plaintiff while blasting stumps on the land of the lumber company in July, 1937, while employed by Holbrook. As a result of the injury, plaintiff lost his right eye.

It is alleged that, at the time of the accident and for several years prior thereto, the lumber company was engaged in the lumber business; that some years ago, it cut and removed the saw-log timber from the lands on which plaintiff was injured, and left the stumps thereon; that said lumber company is the owner of several thousand acres of lands on which it has caused the stumps to be blasted for sale to the Newport Industries, Inc.; that the lumber company carried on these operations of blasting these stumps for sale through servants employed by it directly, and through contractors or co-adventurers; that the removal of stumps from its lands in this manner and for this purpose is a part of the business, trade and occupation of the lumber company.

It is further alleged that the lumber company undertook to carry out its business of removing the stumps from its lands through the other defendant, Holbrook, who was its co-adventurer or contractor; that said Holbrook furnished all labor and supplies, and blasted and delivered the stumps to the Newport company, which latter company paid part of the purchase price of the stumps to each of the parties in accordance with an understanding had with them; that both Holbrook and the lumber company are liable to plaintiff for compensation on account of the injury received by him while blasting stumps on the land of the lumber company under Holbrook because (1) they were engaged in a joint venture; and (2), in the alternative, the lumber company is liable as a principal who had contracted for the execution of work which was a part of its business, trade and occupation.

The defense of Holbrook is principally that plaintiff was an independent contractor, in that he was blasting and hauling the stumps at a certain price per load. The lumber company admits that it is engaged in the general lumber business, but denies that it has ever engaged in the business of blasting and removing stumps from its lands for sale, and denies any contractual relations with plaintiff. It denies that it had employed Holbrook, as contractor or otherwise, to blast and remove the stumps,

but admits that it had an arrangement with the Newport company, and its predecessor, by which it consented for the Newport company, directly or through others, to purchase standing stumps on its lands for a price of 25 cents per ton, with the understanding that this company would either pay or hold out the stumpage value on all stumps which it used in its operations and removed from lands of the lumber company; that the lumber company was under no obligation to remove the stumps and was only the seller of the stumps to Holbrook, who blasted and sold them to the Newport company at a price agreed on by him and that company, and the only thing the lumber company had to do with the arrangement was to receive from the Newport company the price of the stumps cut from its lands by Holbrook.

The trial court rendered judgment in favor of plaintiff and against defendant Garland S. Holbrook for compensation for 100 weeks for the loss of an eye, at the rate of $7.80 per week, plus $250 for medical expenses, and dismissed the suit as to the defendant Industrial Lumber Company. The plaintiff has taken a devolutive appeal from that part of the judgment which dismissed his suit as to the lumber company and that part of the judgment which limited compensation to 100 weeks only. Holbrook has not appealed and the question of his liability for compensation is settled by the judgment.

The trial judge found from the evidence that the lumber company had no other arrangement with Holbrook except that it was to be paid 25 cents per ton for all stumps removed from its lands, to be reserved and held by the Newport Industries and paid by it directly to the lumber company. Holbrook made an agreement with the Newport company whereby he was to get $3.20 per ton for the stumps delivered at that company's plant in DeQuincy, and Holbrook got permission from the lumber company to get the stumps from its lands and requested the Newport company to hold out 25 cents on each ton, which the Newport company did and remitted the amount so deducted to the lumber company twice each month. Holbrook not only got stumps from the lands of the Industrial Lumber Company, but also got stumps from the lands of several other companies in the vicinity and paid them from 20 to 30 cents per ton. He was getting stumps on all these lands and selling them to the Newport company at a fixed price per ton. When the stumps were delivered to the company, the loads were checked by an employee of the company and the lands from which the stumps were taken were kept separate and the stumpage held out and remitted to the respective land owners. The Industrial Lumber Company had nothing to do with fixing the price with the Newport company, nor in determining the amount of stumps or kind of stumps to be delivered. These were matters arranged between Holbrook and the Newport company.

Holbrook procured the stumps from the various land owners in the community and had plaintiff and another man to blast them with dynamite and haul them to the plant of the Newport company at $3 per load, plaintiff getting $1.50 and the other man a like amount. Holbrook furnished the equipment and necessary supplies for the work. In other words, Holbrook bought the stumps from the various land owners and sold them to the Newport company at a certain fixed price, and assumed all the responsibility of blasting and hauling the stumps. He employed plaintiff and his co-worker to do the blasting and hauling and paid them on the basis of the number of loads hauled and delivered.

Of course, if it had been shown that the lumber company was engaged in the business of blasting and selling stumps off of its lands as part of its business and had contracted with Holbrook to remove these stumps and deliver them to the purchaser, either as its agent, contractor or employee, the lumber company would have been liable to an employee of Holbrook in doing this work and injured in the course of his employment, under Section 6 of Act 20 of 1914, as amended, and as was clearly held in the case of Hollingsworth v. Crossett Lumber Co., 184 La. 6, 165 So. 311. However, we agree with the trial court that the evidence does not show that the lumber company was engaged in removing and selling stumps from its lands as a part of its general lumber manufacturing business. It sold these stumps to whomsoever wanted to blast and sell them to the naval stores company, and was only interested in getting the price of 25 cents per ton as stumpage.

Holbrook was an independent buyer of the materials which he sold to the Newport company, since it is shown by the evidence that the lumber company acted in good faith in selling Holbrook the stumps at 25 cents per ton and that the Newport

company acted in good faith in purchasing the stumps at a fixed price delivered at its plant; and consequently neither the land owner that sold the stumps to Holbrook nor the plant that purchased them from him after they were removed from the land would be liable to an employee of Holbrook who was injured while blasting the stumps. Weldon v. Pickering Lumber Corp., La.App., 186 So. 371; Windham v. Newport Co. et al., La.App., 143 So. 538.

With reference to the amount of compensation, we find that the lower court was correct in fixing the period at 100 weeks, the number of weeks fixed by the statute for the loss of an eye. The testimony shows that plaintiff's ability to blast stumps is not permanently affected. While his direct vision is affected, it does not appear that this would seriously affect his occupation of blasting stumps. His capacity to work is not affected and the case of Knispel v. Gulf States Utilities Company, 174 La. 401, 141 So. 9, does not apply.

For these reasons, the judgment appealed from is affirmed.