Each of the plaintiffs in these consolidated cases appeals from a judgment in favor of the respective defendant sustaining exceptions of no right and no cause of action.
These are damage suits arising out of an accident, caused by the collapse or falling of an oil derrick, belonging to defendant Sun Oil Company, and located on Sun Oil Company Lease No. 12, Dibert, Stark and Brown, in the Chacahoula Field, in Lafourche Parish, in which accident the husband of Mrs. Sylvia Adams Thibodaux, an employee of J. C. Chance Well Service, Inc., met his death and in which accident Dutrell E. Baker, an employee of Houston Oil Field Material Co., Inc., received serious bodily injuries. The drilling or "reworking" of an oil well for the Sun Oil Company on said lease was being done by the Chance Well Service Co., Inc., hereinafter referred to as Chance. The work being done, at the time of the collapse of the derrick, on the same well in question, by the Houston Oil Field Material Co., hereinafter referred to as Homco, involved the "fishing out" of drilling tools and implements which had been stuck or lodged in the well during the drilling operation by Chance. Both Thibodaux, the decedent, and Baker were engaged in work on the drilling rig when the accident occurred.
In the Thibodaux and Baker suits against the defendant Sun Oil Company, the exceptions of no right and of no cause of action are based on the contention that the rights of Mrs. Thibodaux, widow and natural tutrix of the minors of decedent, plaintiff in the first suit and of Baker in the second suit, are governed exclusively by the provisions of the Louisiana Workmen's Compensation Act, Act No. 20 of 1914, as amended, and specifically Section 6, Paragraph 1 of that Act, as amended, Act No. 85 of 1926. In the Baker-Chance suit, the exceptions of no right and no cause of action are based on two propositions: First, that plaintiffs' exclusive remedy is under Louisiana's Workmen's Compensation Act and, second, that defendant's employees were at the time of the accident the employees pro hac vic of Homco, plaintiff's employer and defendant is therefore not liable for their negligence, if any.
For the purpose of these exceptions, all of the allegations of facts well pleaded must be accepted as true. We shall consider the pertinent allegations of facts of each suit.
The two suits against the Sun Oil Company shall be considered together. In the Thibodaux suit, the allegations which have bearing on the matter at issue are found to be designated as allegations 5, 7, 8, 9, 10, and 11, which are herewith copied in full:
"5. Petitioner is informed and believes, and therefore avers, that deceased was killed as a result of the collapse or falling of an oil derrick belonging to defendant Sun Oil Company, and located on Sun Oil Company Lease No. 12, Dibert, Stark and Brown, in the Chacahoula Field, located in Lafourche Parish, Louisiana.
"6. Petitioner is informed and believes, and therefore avers, that said accident occurred shortly after midnight of May 25, 1947, or at about twelve-thirty (12:30 o'clock A.M. on the morning of May 26, 1947. *Page 763 
"7. Petitioner is informed and believes, and therefore avers, that the deceased, at the time of the accident, was an employee of J. C. Chance Well Service, Inc., an independent contractor performing a specialty job and engaged in a specialty line for and on behalf of Sun Oil Company, which particular job and line of work was not then being customarily done by said Sun Oil Company.
"8. Petitioner is informed and believes, and therefore avers, that the employer of her husband, the deceased, that is J. C. Chance Well Service, Inc., was at the time under contract with defendant, Sun Oil Company, to do and perform the drilling and all other necessary work for the purpose of working over or re-working said Sun Oil Company well called Lease No. 12, Dibert, Stark and Brown, in the Chacahoula Oil Field of Lafourche Parish.
"9. Petitioner is informed and believes, and therefore avers, that her husband was, at the time of the accident mentioned herein, an employee of J. C. Chance Well Service, Inc., a company engaged and performing in a specialty line of work in connection with the general oil field business and not doing that type of work ordinarily and customarily done and performed by the employees of defendant, Sun Oil Company.
"10. Petitioner is informed and believes, and therefore avers, that at all times mentioned hereinabove or anywhere in this petition, the deceased had no connection with or control over the erection, maintenance and condition of the Sun Oil Company derrick that was being used on the job hereinabove referred to and which collapsed, all as will be described in this petition.
"11. Petitioner is informed and believes, and therefore avers, that the drilling rig, as well as all of its attachments and equipment including the pressure or weight indicator, used in these operations was, at all times mentioned in this petition, the property of J. C. Chance Well Service, Inc., employer of deceased."
The pertinent allegations of facts in the Baker suit are found to be designated as allegations 2, 4, 5, 6, 7, 8 and 9, which are herewith copied in full:
"2. Petitioner was injured as the result of the collapse or falling of an oil derrick belonging to Sun Oil Company and located on Sun Oil Co. lease No. 12, Dibert, Stark Brown, in the Chacahoula Field, located in Lafourche Parish, Louisiana, all to the best of petitioner's knowledge, information and belief.
"4. Petitioner avers, on information and belief, that at said time and date a work-over job was being done on the Sun Oil lease by the J. C. Chance Well Service, Inc. under contract with Sun Oil Company; the said J. C. Chance Well Service, Inc. being an independent contractor performing a specialty line in one phase of the general oil field business in which defendant, Sun Oil Company, is generally engaged.
"5. Petitioner at the time was and still is an employee in the capacity of a fishing tool expert with Houston Oil Field Material Co., Inc., a corporation engaged in a highly specialized line of work in connection with the general oil field business.
"6. At all times mentioned hereinabove, your petitioner had no connection with or control over the Sun Oil Co. derrick hereinabove referred to or with the drilling operations of J. C. Chance Well Service, Inc. hereinabove referred to.
"7. Petitioner is informed and believes, and therefore avers, that during the operations of the drilling or re-working of the well as hereinabove referred to, that the tools and implements being then used by J. C. Chance Well Service, Inc., including the pipe in the well of Sun Oil Company above described, became stuck and lodged in such a manner that specialists were required for their successful removal and that, therefore, either Sun Oil Company or J. C. Chance Well Service, Inc. called the Houston Oil Field Material Co., Inc. on to the job for the purpose of fishing out said above described stuck or lodged well tools and implements in said Sun Oil Company well.
"8. Petitioner is informed and believes, and therefore avers, in an effort to give the entire picture as correctly as possible, that the drilling rig, as well as all rotary rigs and general drilling equipment, then being used for said work-over job was the property of J. C. Chance Well Service, Inc. *Page 764 
"9. Petitioner is informed and believes, and therefore avers, that in the performance of his duties as a fishing tool expert on this particular job, that it was necessary for him to direct the employees of J. C. Chance Well Service, Inc. to pull on the rotary rig and/or other machinery for the purpose of lifting and pulling out the lodged tools and equipment from the hole; and that in doing so, he permitted the pull on said implements and machinery to reach a pressure or weight of about 140,000 pounds, at which time petitioner directed the drilling crew to ease up on the pull momentarily."
The pertinent part or section of the Workmen's Compensation Act are as follows:
Section 6, Paragraph 1: "That where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business or occupation or which he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or his dependent any compensation under this act which he would have been liable to pay if that employee had been immediately employed by him; and where compensation is claimed from or proceedings are taken against the principal, then, in the application of this act, reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed." Act No. 85 of 1926.
Section 7, Paragraph 1: "When an injury for which compensation is payable under this Act shall have been sustained under circumstances creating in some other person (in this section referred to as third person) than the employer a legal liability to pay damages in respect thereto, the injured employee or his dependent may claim compensation under this Act; and the payment or award of compensation hereunder shall not affect the claim or right of action of such injured employee or his dependent against such third person, nor be regarded as establishing a measure of damages for such injury; and such injured employee or his dependent may obtain damages from or proceed at law against such third person to recover damages for such injury." Act No. 247 of 1920.
Section 34: "That the rights and remedies herein granted to an employee or his dependent on account of a personal injury for which he is entitled to compensation under this act shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, relations, or otherwise, on account of such injury." Act No. 38 of 1918.
Counsel for plaintiffs states in his brief: "The Sun Oil Company is alleged to be engaged in the oil business. It is true that this is a general allegation to the effect that the Sun Oil Company is engaged in the general oil field business. Accepting that allegation as true, it simply means that the defendant Sun Oil Company is generally engaged in the business of exploring for oil, the mining of oil, the refining of oil, manufacturing of oil products, etc."
It is apparent that the question raised by the exceptions is whether from the well pleaded facts of both suits it appears that when the accident occurred, Thibodaux and Baker were engaged in work which was part of the "trade, business or occupation" of Sun Oil Company, or was work which was so closely related thereto as to become a part thereof.
It is now well settled that if the work contracted for is within the "trade, business [and] occupation" of defendant, or within the category of operations, it may not be contracted for except under the conditions imposed by Section 6 of the Compensation Act, supra. However, a general employer or principal may, without retaining liability to the employees of an independent contractor employ independent contractor to do such special work as is not generally done directly by others engaged in the same line of business as is the principal, — such as special construction or even such unusal repairs *Page 765 
as are ordinarily made by specialists not customarily within the direct employ of the principal. Horrell v. Gulf Valley Cotton Oil Co., Inc., 15 La. App. 603, 131 So. 709; Seabury v. Arkansas Natural Gas Corp., 171 La. 199, 130 So. 1; Dandridge v. Fidelity Casualty Company, La. App., 192 So. 887.
It is quite apparent from a reading of the petitions that they were drawn with the idea in mind of avoiding the effect of Section 6 of the Act and of coming within the purview of the exception as stated supra. For instance, it is stated in the Thibodaux suit that Thibodaux was an employee of an independent contractor performing a specialty job and engaged in a specialty line for and on behalf of Sun Oil Company, which particular job and line of work was not then being customarily done by said Sun Oil Company. (Allegation 7 of plaintiffs' petition, supra.)
In the Baker suit, it is alleged that Baker was an employee in the capacity of a fishing tool expert with Homco, "a corporation engaged in a highly specialized line of work in connection with the general oil field business." (Allegation 5 of plaintiffs' petition supra.)
Regardless of the fact that well pleaded facts for the purpose of considering exceptions of no right and of no cause of action are to be considered as true yet the conclusions of the pleader are not to be so considered and do not take the place of facts. It is our opinion that the allegations that Chance and Homco were engaged in highly specialized work not usually done by Sun Oil Company are mere conclusions of the pleader and are merely self serving declarations.
It is apparent from the Thibodaux petition that the decedent was employed by Chance, which company was engaged in the drilling of oil wells and work incidental thereto, for example the reworking or working over of oil wells. In fact, on the day of the accident Chance was engaged in the reworking of an oil well belonging to the Sun Oil Company. This work involved drilling and other work incidental thereto. From the admitted facts supra, Sun Oil Company was engaged in the business of exploring for oil and the mining of oil. It is clear that a part of the business, trade and occupation of the sun Oil Company was the drilling of wells, and the reworking of wells if necessary in search for oil and/or its production. Therefore, it follows that Chance was engaged in work the very nature of which was a part of the business, trade and occupation of the Sun Oil Company. We cannot view it in any other light but that Chance was the contractor of Sun Oil Company in carrying out a part of the business, trade or occupation of the Oil Company and that the provision of Section 6, paragraph 1 of the Compensation Act is applicable and that the remedy of Thibodaux is that provided exclusively by Section 34 of the Compensation Act, supra. If Chance had been an irresponsible contractor, without compensation insurance, we venture to say that plaintiff would be contending that Sun Oil Company was liable in compensation rather than in tort.
With reference to the Baker suit, it is to be noted that the work being done by Homco was the "fishing out" of well tools and implements stuck in the same well in question. Baker was in charge of the operation using the employees and the equipment of Chance, the contractor of Sun Oil Company. The loss or sticking of tools in an oil well is one of the hazards of drilling such a well. In order to continue the operation of drilling and in order not to lose the work which has been done, it is necessary and in order that such tools be "fished out". The "fishing out" of the tools in this well is so closely related to the actual drilling of the well as to become a component part of it. We have no allegation that the Sun Oil Company is engaged in this type of work in so far as the general public is concerned; however, it is a fact that it is interested in seeing that lost or stuck tools are "fished out" of any oil wells belonging to it. It is in furtherance of its business to see that such operations are carried out. To our mind, it is so closely related to its business that it can be said to be a part of its operation in the production of oil. The mere fact that it prefers to engage the service of a company which specializes in this type of work instead of *Page 766 
employing directly "fishing tool" experts makes no difference in the application of the legal problem involved. Section 6, paragraph 1 of the Compensation Act applies and in accordance with Section 34, the sole remedy of Baker is for compensation under the Act.
With reference to the Baker-Chance suit, the last of these consolidated cases, the allegations of the petition are verbatim as those in the Baker-Sun Oil Company, supra and need not be stated again. In the petition, the plaintiff charges that the collapse of the derrick was due to the negligent manner in which the employees of Chance operated the machinery which was being used under plaintiffs' direction to dislodge the tools and implements which were stuck in the well.
The plaintiff, like in the Baker-Sun Oil Company case, contends that since it is alleged that Chance was engaged in a highly specialized line of only one small phase of the general oil field business, that is of drilling and re-working over the oil wells, and that Homco was engaged in only one phase of the general oil field business, that is, "fishing" for lost or stuck tools and machinery in wells, plaintiff could sue in tort. Defendant's exceptions of no right and of no cause of action are bottomed on two propositions: First, that plaintiff's exclusive remedy is under the Workmen's Compensation Act, and, second, that defendant's employees were at the time of the accident the employees pro hac vice of Homco, plaintiff's employer, and defendant is not liable for their negligence, if any.
As previously discussed and stated, we have come to the conclusion that "the fishing" for stuck or lost tools was a part of the business of drilling an oil well, within the "trade, business or occupation" of Sun Oil Company, Chance and Homco. In other works, Sun Oil Company undertook to drill or rework the oil well in question; it contracted with Chance to do the work and it in turn sub-contracted the part of "fishing" for the lost or stuck tools in the well to Homco, plaintiffs' employer. For the reasons heretofore stated, we are firm in the opinion that Section 6, paragraph 1, and Section 34 of our compensation act apply and govern this suit.
Having concluded that plaintiffs' exclusive remedy is under the Workmen's Compensation Act, we see no useful purpose of discussing defendant's second contention stated supra.
We find the following statement found in the case of Spanja v. Thibodaux Boiler Works, La. App., 2 So.2d 668, 672, (2), to be very appropriate and applicable to these three cases: "The compensation statute, with its amendments, was designed to cover all employees who might reasonably be brought under its paternalistic protection. In the Dick case, (Dick v. Gravel Logging Co.), 152 La. 993, 95 So. 99, supra, the court said that the statute is humane in its purpose and that its scope should be enlarged and its provisions liberally construed so as to include all services that can reasonably be said to be within the said statute. If it is to be liberally construed soas to include all possible persons when they seek itsprotection, surely it would not do to say that the provisionsof the statute should be restricted when persons, in order torecover in tort, are attempting to have themselves excludedfrom the coverage of the statute." (Our Italics.)
In so far as these three suits are concerned, liberally construing the provisions of the Act, we find that the relationship, existing at the time of the accident between the parties, was: employer, Sun Oil Company, contractor, Chance, and sub-contractor, Homco, all engaged in the "trade, business [and] occupation" of the Sun Oil Company, and plaintiffs as employees thereof. Therefore, quoad the plaintiffs in these suits, the defendants are not third persons in the contemplation of Section 7, paragraph 1 of the Compensation Act. As stated supra, the sole remedy of the plaintiffs is for compensation under the Act.
For these reasons, the judgments appealed from will be affirmed. *Page 767