BURRIS

v.

**J. RAY McDERMOTT & CO., Inc. et al.**

**Civ. A. No. 3899.**

United States District Court
W. D. Louisiana,
Lake Charles Division.

Dec. 17, 1953.

**908**

Welton P. Mouton, Mouton, Champagne & Colomb, Lafayette, La., for plaintiff.

William R. Tete, Jones, Kimball, Harper & Tete, Lake Charles, La., S. W. Plauche, Jr., Plauche & Plauche, Lake Charles, La., for defendants.

Joseph Onebane, Davidson & Meaux, Lafayette, La., for intervenor.

DAWKINS, District Judge.

Plaintiff for herself and her two minor children brings this suit in damages for the death of the husband and father, John David Sudderth, which she charges was caused by the negligence of the defendants. The defendants named in the original complaint were J. Ray McDermott & Company, Inc. (called McDermott), Penrod Drilling Company (called Penrod), Dresser Industries, Inc. (called Dresser) and Hartford Accident and Indemnity Company (called Hartford).

The complaint alleges that the deceased "was employed by Frank's Casing Crew on an oil derrick * * * working as a Stabber * * * and was about 35 or 40 feet off of the derrick floor * * * on what is known as a 'Stabbing Board', and the only one up on said oil derrick"; that said derrick collapsed without warning severely injuring said husband and father and causing his death two days later "without gaining consciousness" on October 29, 1951. The following is quoted from the complaint, to wit:

"5. That at the time of the said accident, the aforesaid oil derrick was a dangerous instrumentality which was under the exclusive management, control, maintenance and operation of J. Ray McDermott & Company, Inc., Penrod Drilling Company and Dresser Industries, Inc., their agents and employees acting within the scope of their employment, and they are charged with knowledge of the said accident which was of a kind that would not ordinarily have happened if the said oil derrick had been in good and safe condition and if its operation, maintenance, management and control on the occasion in question had been careful, skillful and prudent."

The plaintiff then invokes the doctrine of res ipsa loquitur.

The complaint further alleges that "Penrod was the driller of said well; that McDermott had assembled and erected said derrick approximately thirty days prior to October 27, 1951 (the day it collapsed); and Dresser was the manufacturer of the said oil drilling derrick, designated as an 'Ideco' derrick".

Other allegations of the complaint are quoted as follows:

"11. John David Sudderth was employed as a Crew Pusher by Frank's Casing Crew and his monthly average earnings at the time of said occurrence were Five Hundred and 00/100 ($500.00) Dollars.

\* \* \* \* \* \*

"14. That at the time of the said accident the oil drilling derrick referred to herein was covered by policies of liability insurance which

were sold and delivered by the defendant, Hartford Accident and Indemnity Company to Penrod Drilling Company and J. Ray McDermott & Co., Inc., and which said policies were then in full force and effect. In said policies Hartford Accident and Indemnity Company agreed and obligated itself to insure and indemnify J. Ray McDermott & Co., Inc., and Penrod Drilling Company against any and all liability due to the negligent operation, construction, use and maintenance of said oil drilling derrick, and to pay on behalf of J. Ray McDermott & Co., Inc. and Penrod Drilling Company any sums for which they may become liable to another by reason of personal injuries and property damage caused as a result of the negligent operation, use and maintenance of said oil derrick."

Defendant McDermott was served through "its registered agents" in the City of New Orleans; Penrod, Hartford and Dresser were served through the Secretary of State.

On October 27, 1952, Houston Fire and Casualty Insurance Company, a citizen of Texas, filed an intervening petition, seeking to be reimbursed for compensation paid to the plaintiff, as the compensation insurer of Frank Mosing, doing business as Frank's Casing Crew.

On October 29, 1952, defendants Hartford and McDermott filed separate motions to dismiss the complaint "for failure to state a claim"; and on the same day Penrod filed a similar motion and, in the alternative, to quash the service and return for several reasons later to be considered. On November 3, similar motion was filed by Dresser and on November 25, the latter also filed a motion to dismiss the intervention of Houston Fire and Casualty Insurance Company and also to quash the service upon it.

On November 28, 1952, McDermott, Hartford and Penrod also filed motions to dismiss and to quash service in the intervention of Houston Fire and Casualty Insurance Company.

On May 6, 1953, all motions were submitted on briefs, later to be filed.

On August 8, 1953, plaintiff filed an amended complaint, setting forth at length many acts of negligence by the several defendants.

### Motions of McDermott, Hartford and Penrod

The motions of McDermott and Hartford were identical in that they alleged the complainant failed to "state a claim * * * upon which relief can be granted". This was based upon the contention that the circumstances alleged did not disclose conditions for the application of the doctrine of res ipsa loquitur, but the subsequent amendment made specific charges of negligence which had the effect of curing any such deficiency, if it existed.

As to Penrod, the grounds of the motion were, in addition to failure to state a claim, that it was not a corporation, as alleged in the complaint, but a partnership, the members of which were named and alleged to be citizens with it of the State of Texas; and finally that none of said partners of the partnership had been properly served with process. At the submission of all motions on briefs, it was stipulated that the parties might file "affidavits and counter-affidavits and other supporting documents * * * by attaching to the briefs". Attached to the brief for Penrod are the following: Affidavit that Penrod Drilling Company "is not incorporated under the laws of any State" but is a "partnership of the following persons:" naming them; Exhibit B, a certificate of the Louisiana Secretary of State that Penrod had not qualified to do business in the State; the citation and return served on the Secretary of State, certified by the Clerk of this Court.

The complaint alleged that "Penrod Drilling Company is a Texas corporation" which, of course, was not true as established by the papers attached to its brief showing it was a partnership which, with its members, was domiciled in the State of Texas. It

has not complied with the laws of Louisiana to do business in this state but was actually doing a part of the business of drilling an oil well here in which the deceased was killed. The effect of the complaint is to say that Penrod had the contract for and was drilling the well in which the derrick collapsed and that Frank's Casing Crew was a subcontractor for some of this work. If this was the situation, the principal contractor, Penrod, was liable under the Louisiana Employees Compensation Law along with Frank for such compensation as the state law awards and the right of action against it was under that statute instead of in tort. LSA–R.S. 23:1032, 23:1061, 23:1101, Gaiennie Co. v. Chisolm, 3 La.App. 358; Dandridge v. Fidelity & Casualty Co., La.App., 192 So. 887; Turner v. Oliphant Oil Corp., La.App., 200 So. 513; Spanja v. Thibodaux Boiler Works, La.App., 2 So.2d 668; Atchison v. May, 201 La. 1003, 10 So.2d 785; Thibodaux v. Sun Oil Company, La.App., 40 So.2d 761; Baker v. J. C. Chance Well Service, La.App., 40 So.2d 761. It follows that the compensation insurer of Penrod, Hartford, would be liable to plaintiff for compensation along with intervenor, Houston Fire and Casualty Insurance Company, Frank's insurer. Service upon Hartford was properly made. However, the complaint as filed was in tort and without amendment states no claim against Penrod. Service upon this partnership was through the Secretary of State and did not bring it into Court as would have been the case with a corporation doing business in the state. Had the partnership and its members been domiciled here, then the service could have been made either upon it at its domicile or on one of its members, but it had not qualified to do business here and no lawful service could be made upon the Secretary of State. See LSA–R.S. 13:3471; Sec. 1391(c) Title 28 U.S.C. In an action for compensation in view of the death of the employee, the jurisdictional amount would have been fixed and sufficient to be brought in this Court.

## McDermott

■ As to McDermott, the complaint charges that this corporation erected the derrick, and in the amended complaint it is alleged that this defendant was guilty of negligence in that it failed "to reinforce the legs of the said derrick by inside braces"; that it was improperly put together with bolts instead of welding; that it "was an old, defective and weakened derrick which had seen a great deal of service and had been assembled, dis-assembled and moved from various locations prior to its being re-assembled and installed * * * where it collapsed on October 27, 1951"; that McDermott "knew it was old and defective and was not suited for the type of drilling operations" for which it was last erected; that it had been condemned twice before to the knowledge of McDermott. There are many other alleged acts of negligence. If the acts thus charged are proven, then this defendant would not be relieved by the fact that it had completed this work and turned the derrick over to Penrod thirty days earlier. See McGuire v. Dalton Co., Inc., La.App., 191 So. 168. See also American Jurisprudence Vol. 27, pages 535 and 536 et seq. Holmes v. T. M. Strider & Co., 186 Miss. 380, 189 So. 518, 123 A.L.R. 1190. It is hard to imagine a more dangerous instrumentality than a derrick for drilling oil wells. It depends upon what the evidence may show as to the condition of this derrick and the manner in which it was assembled or constructed as to whether McDermott would be let out. Of course, Hartford was McDermott's liability insurer and it must remain in the case as such with the latter. See Hale v. Depaoli, 33 Cal.2d 228, 201 P.2d 1, 13 A.L.R.2d 183.

## Dresser

■ The original complaint charged the acts of negligence by Dresser consisted of faulty manufacture of the derrick. All that is said was "they were the manufacturers of said oil derrick designed as 'Ideco derrick' ". Otherwise, the complaint and the amendment charge

at length that the derrick was old and had been "assembled, dis-assembled and re-assembled over a long period of time" to such an extent that it could scarcely be claimed that the manufacturer's original fault, if any, could have been responsible for the death of plaintiff's husband. Then, too, the proof shows that Dresser had neither qualified nor was it doing business in the State of Louisiana at the time of the accident, for which reasons it, too, could not be cited through the Secretary of State.

Dresser and Penrod will be dismissed from the case but the motions of McDermott and Hartford will be overruled, including those which seek to remove Houston Fire and Casualty Insurance Company from the case. If there is recovery in tort against McDermott, the latter company would have the right to be reimbursed therefrom what it had paid as compensation.