Plaintiff alleged that he was in the employ of T.H. Bedsole hauling pulpwood for Roger E. Wheless, who was engaged in the business of furnishing pulpwood to the Brown Paper Mill, in West Monroe, Louisiana; and that while hauling the said pulpwood the truck he was driving wrecked, due to a blowout, and turned over, the plaintiff receiving a fracture of one of the bones in his ankle. He instituted this suit for compensation against both Bedsole and Wheless.
The accident is admitted and there is no serious dispute over the amount of wages plaintiff was earning. The extent of disability is disputed.
The lower court awarded plaintiff compensation at the rate of $7.80 per week for 52 weeks against T.H. Bedsole and rejected his demands against Wheless.
Plaintiff has appealed from that part of the judgment rejecting his demands against Wheless. Neither defendant has appealed nor answered the appeal, and no appearance by brief or otherwise has been made in this court by either defendant. We therefore conclude that appellee recognizes the merits and justice in appellant's brief and has abandoned any contest over the relief he is contending for here. However, we have studied the case carefully and are convinced that appellant is entitled to the relief he seeks as to judgment against Wheless.
Mr. Wheless was under contract with the Brown Paper Mill, of West Monroe, Louisiana, to furnish it with pulpwood. He acquired a large tract of timber in DeSoto Parish and employed men to cut, haul and load it onto cars for shipment. He employed Mr. T.H. Bedsole to do some of the hauling. Mr. Bedsole and his sons worked together and were employed in general hauling. Bedsole employed drivers for his trucks to haul and load the pulpwood. At the end of each week, Mr. Wheless would himself take or send checks to cover the wages of all men so employed. On various occasions he had used his own trucks to haul the pulpwood but testified he found it more economical to hire it to be done.
The question of independent contractor is not raised in the pleadings or in the testimony. Mr. Wheless merely stands on the denial that he hired plaintiff and that plaintiff was employed by Bedsole. This is true, but it is clear to our minds that Bedsole hired plaintiff for Wheless and at no time does Wheless claim that Bedsole was an independent contractor. But if he was, Wheless could not be relieved of liability under the Workmen's Compensation Law of this State, Section 6 of Act No. 20 of 1914.
The only other question is the extent of plaintiff's disability. He received a fracture of a bone in the ankle, and the lower court, after hearing all the evidence pertaining thereto, found that the disability was for a duration of 52 weeks. We find no error in this finding of the lower court and are convinced that it is correct.
It therefore follows that the judgment of the lower court is reversed as to Roger E. Wheless and there is now judgment in favor of plaintiff in the sum of $7.70 per week for a period of fifty-two (52) weeks against Roger E. Wheless and T.H. Bedsole, in solido, beginning July 29, 1938, with legal interest until paid and all costs, including expert witnesses' fees which were fixed by the lower court.
TALIAFERRO and HAMITER, JJ., concur. *Page 747