AYRES, Judge.
Plaintiff instituted this action against T. B. Godfrey, his alleged employer, and God-frey’s workmen’s compensation insurer for compensation at the maximum rate and as provided for total and permanent disability on account of accidental injuries sustained by him February ,19, 1955, while he was engaged in loading pulpwood on railroad cars at Florien, Louisiana. From a judgment awarding compensation at the rate prayed for, but only for a period of plaintiff’s disability, found to extend from the date of the injury to September 12,' 1955, defendants appealed.
The defense is that there existed no employer-employee relationship between plaintiff and defendant Godfrey. Defendants contend that plaintiff was in the employ of one E. E. Weldon, whose relationship to Godfrey was that of a vendor of pulpwood which was being loaded .at the time plaintiff was injured, the title to which had not been acquired by Godfrey. There is no contention as to the occurrence of the accident nor that plaintiff was injured within the course and scope of his employment.
Plaintiff has. not answered the appeal and defendants do not seriously urge error on the part of the trial judge in fixing the period of plaintiff’s disability. Hence, the only issue presented for determination is whether or not an employer and employee relationship: existed between plaintiff and Godfrey, as contended by plaintiff, or whether plaintiff was employed by Weldon, between whom and Godfrey the relationship of vendor and vendee existed, as claimed by defendants. ■ This issue presents a question of fact, resolved by the trial court in plaintiff’s favor.
The record establishes that Godfrey, whose operations -are extensive and widespread, is a procurer of pulpwood for the Brown Paper Mill Company, West Monroe, Louisiana. It appears that in the ordinary and usual course of his operations, Godfrey purchased wood from the producer, delivered on the railroad cars and shipped to the mills for his account, where it was scaled, after which settlement or final adjustment of the purchase price was made between Godfrey and his producers, based upon the quantity thus determined. If such had been the case in the instant matter, the relationship between Weldon and Godfrey would, no doubt, have been that of vendor and vendee, and plaintiff, as the employee of the vendor, would not be entitled to recover compensation from the purchaser of the wood or his insurer. It was so held in Smith v. Crossett Lumber Co., La.App., 72 So.2d 895, 896, wherein it was stated:
“The jurisprudence makes it perfectly clear, in our opinion, that a purchaser of pulpwood is not liable for compensation benefits for accidental injuries sustained by employees of the seller.”
Our appreciation and understanding of the record lead us to a different conclusion as to the facts concerning this particular wood from what the defendant would have us believe. When Godfrey had shipping orders from the mill, the wood purchased by him was loaded directly on the railroad cars from the trucks conveying it from the woods. However, when this particular wood was obtained, Godfrey had no shipping orders. Accordingly; when he acquired it through Weldon, he directed and *599 instructed Weldon to deliver the wood to the railroad yards and dump it on the ground to await receipt by Godfrey of appropriate shipping instructions. When this wood was thus delivered, Godfrey paid Weldon therefor by reimbursing him for the amount of the purchase price paid by him to the producer, plus a commission of $1.25 per unit for his services in making the purchases.
The evident on-set of deterioration in this wood, by having lain on the ground, required that it be shipped to the mill before such deterioration became pronounced. Accordingly, Godfrey instructed Weldon to load and ship this wood. Weldon employed the necessary laborers to perform this task, one of whom was plaintiff, who, together with another, was employed to load a car with the wood, and for their labor they were to be paid $2.50 per unit. This was paid by Weldon, who was reimbursed by God-frey after the wood was received and scaled at the mill. Weldon, however, had theretofore been reimbursed the full purchase price and there only remained for reimbursement to Weldon the aforesaid loading cost. That the wood at the time it was being loaded was the property of the defendant, Godfrey, is clearly established. The loading of this wood was, therefore, a part of Godfrey’s business in his pulpwood operations and was undertaken pursuant to his .orders and instructions. He designated the wood to be loaded, particularly that which had become water-soaked.
It is a matter of no material importance whether plaintiff was employed directly by Godfrey or by Weldon, who, it is established, was loading this wood under orders and instructions of Godfrey and was acting as his agent. Where any person undertakes to execute any work, which is a part of his hazardous trade, business or occupation, or which he has contracted to perform, and contracts with any person for the execution of the whole or any part of the work undertaken by such principal, the principal is liable to pay any •employee engaged in the execution of the work, or his dependent, any compensation which he would have- been liable to pay if the employee had been directly employed by him. LSA-R.S. 23:1061. Under this section, the jurisprudence is firmly settled that a principal employing a contractor, sub-contractor or independent contractor is liable for compensation to an injured employee of such contractor, direct contractual relations between' the injured employee and the principal being-unnecessary. Hollingsworth v. Crossett Lumber Co., 184 La. 6, 165 So. 311; Carter v. Colfax Lumber & Creosoting Co., 9 La.App. 497, 121 So. 233; Seabury v. Arkansas Natural Gas Carp., 171 La. 199, 130 So. 1; Helton v. Tall Timber Lumber Co. of Louisiana, Inc., 148 La. 180, 86 So. 729; Lindsey v. White, La.App., 22 So.2d 689; Owers v. Louisiana Long Leaf Lumber Co., La.App., 14 So.2d 275; Lyons v. Wheless, La.App., 2 So.2d 719; Hatch v. Industrial Lumber Co., La.App., 199 So. 587; McKay v. Crowell & Spencer Lumber Co., La.App., 189 So. 508.
See also 10 La.L.Rev. 25.
For the reasons herein stated, it is clearly established, and the conclusion is inevitable, there was no vendor-vendee relationship between Godfrey and Weldon, so far as the particular wood involved was concerned but that Weldon was in the service of Godfrey as his agent in over-seeing the loading of Godfrey’s wood on the railroad cars and that plaintiff’s services were rendered in connection with said work. Even though plaintiff contracted this load of wood at a specific price per unit, he is not on that account an independent contractor himself and as such excluded from the benefits conferred by the Compensation Act, as the whole of said undertaking required manual labor. LSA-R.S. 23:1021 (6). The work undertaken by Godfrey was an essential part of his operations. Whether plaintiff was employed directly by God-frey or by Weldon under the facts and circumstances of this case, detailed herein-above, is of no material importance. • In either event he is entitled to recover compensation of the principal and his insurer.
*600 The record reveals a state of facts identical, so far as material to the issues before the court, with the facts found to exist in Cahee v. United States Casualty Company, La.App., 86 So.2d 631. The facts in the instant case are so similar to those of that case as to the acquisition of the wood and its delivery to the railroad yard, taken in connection with the short interval of time intervening between the accidents involved, as to justify the conclusion that the wood involved in each of those cases constituted. portions of the same batch or, at least, wood obtained in the same manner. Upon the issues mutual to both cases, our ruling there is applicable here.
For the reasons assigned, the judgment' appealed is affirmed at appellants’ costs.
Affirmed.