112 So.2d 767 (1959)
Robert E. GANT
v.
JACKSON BREWING COMPANY, Inc.
No. 21251.
Court of Appeal of Louisiana, Orleans.
May 25, 1959.
Rehearing Denied June 22, 1959.
*768 Lawrence Hennessey, Jr., New Orleans, for plaintiff and appellant.
Drury & Lozes, New Orleans, for defendant and appellee.
McBRIDE, Judge.
Plaintiff appealed from a judgment dismissing his suit in tort for damages on account of personal injuries allegedly sustained through the fault and negligence of defendant while working in its plant in New Orleans. The exception of no cause or right of action defendant interposed was referred to the merits of the case. Defendant in answer makes a general denial of the allegations of the petition, and as a special defense sets up that plaintiff has no right of action in tort and if defendant is in anywise responsible unto plaintiff because of the accident, such action as plaintiff may have could arise only under the workmen's compensation law of Louisiana. LSA-R.S. 23:1021 et seq.
The appeal brings up before us the exception of no cause or right of action, but whereas the case was fully tried on its merits below, we prefer to predicate our decision on the merits rather than give consideration to the exception.
The defendant, which is engaged in the "business of manufacturing and selling beer, operates a large brewery. Under the provisions of LSA-R.S. 23:1035 every person performing services arising out of and incidental to his employment in breweries is covered by and comes within the purview of the provisions of the workmen's compensation statute.
Plaintiff on July 6, 1956, the date the injuries befell him, was not an employee of the defendant but was in the employ of the Pinkerton Detective Agency which since 1941 under contract with the defendant had furnished it with day and night watchmen and guards for its plant and yards, and at the time of plaintiff's accident eight of Pinkerton's men were assigned to defendant under the contract. Prior to 1941 defendant had directly employed its own watchmen and guards. Plaintiff, one of the eight Pinkerton men, worked during daytime hours in defendant's plant and had been so engaged for a period of about eleven months previous to the accident. Plaintiff was required to make periodic rounds of defendant's bottle house which necessitated moving about machinery while in operation, and he had to signify his movements by "punching the clocks," which means he recorded the time of his activities. He was instructed to watch out for fires and accidents and make report thereof and to guard the premises from unauthorized intruders. There is no doubt it was plaintiff's duty to carry on a general police work as one of the witnesses likened the Pinkerton men to a private police force. While plaintiff received general instructions from his employer, he also was given more detailed instructions by the officials of the brewery and these he carried out. While making his rounds on the date aforesaid, he slipped and fell upon defendant's floor and was injured.
In urging its special defense the defendant cites LSA-R.S. 23:1061, which in part reads thus:
"Where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business, or occupation or which he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he *769 would have been liable to pay if the employee had been immediately employed by him; and where compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed."
It is plain under these provisions no principal, within the contemplation of the act, may contract with any one else to do any part of the general work which comes within the category of the trade, business or occupation of the principal, or any part of the work undertaken by the principal by contract, without becoming liable to the employees of the independent or subcontractor for such compensation as may become due to such employees or their dependents. Under said section direct contractual relations between the injured employee and the principal are not requisite to permit the workman to recover the statutory benefits.
The nature of the special defense confronts this court with the question whether our compensation statute is applicable under the facts presented here, and, if so, whether the applicability of the compensation law precludes recovery in tort. Let us say here that the rights given a person under LSA-R.C.C. art. 2315 and the rights which one may have under the workmen's compensation statute are mutually exclusive. LSA-R.S. 23:1032. We, therefore, shall follow what was done by the Supreme Court in Griffin v. Catherine Sugar Co., Inc., 219 La. 846, 54 So.2d 121, and first make a determination whether the facts are such as will justify the application of the provisions of the compensation law before delving into an investigation of the question whether defendant was or was not at fault for plaintiff's accident. See, also, Estaves v. Faucheux, La.App., Ill So.2d 802.
Before LSA-R.S. 23:1061 may be applied in this case, the facts must show that the work which defendant contracted with the detective agency to perform was a part of defendant's trade, business or occupation. Plaintiff's position is that he was not executing any work which can be said to be a part of defendant's trade, business or occupation of making and selling beer in that a watchman on the premises does not take part in the activities and has nothing to do with defendant's industrial venture.
This position is entirely unsound. We consider the duties in which plaintiff was engaged when he slipped and fell to be an integral and necessary part of defendant's business, trade or occupation. We do not think that it could be logically or successfully argued that the defendant in connection therewith would not require the services of employees to police its plant by watching and guarding the safety and security thereof and protecting its operations, property and good will. On the contrary, it is quite obvious that without watchmen or guards there would be the likelihood that defendant could not conduct a successful business at all. Plaintiff's occupational duties were just as essential in defendant's operations as the duties performed by any of defendant's other employees, inclusive of those who operate the machinery utilized in manufacturing the products defendant deals in. Sight should not be lost of the fact that plaintiff was carrying on duties no different than those which had been performed by defendant's own employees prior to the 1941 contract with Pinkerton Detective Agency. Defendant at all times deemed guards and watchmen essential plant employees.
The Fifth Circuit Court of Appeals applied the Louisiana compensation statute in the case of Isthmian S.S. Co. of Del. v. Olivieri, 202 F.2d 492, which was a suit filed by a watchman in the employ of a *770 corporation, which had contracted to provide protection for ship cargo, against the steamship line for injuries sustained when a crate fell upon him, and held that an action by the plaintiff under the workmen's compensation statute was his exclusive remedy. The court determined that the protection of cargo was an indispensable and usual part of the trade, business or occupation of every steamship line. We are in full accord with this conclusion.
Plaintiff's counsel endeavors to distinguish the above-mentioned case from the one under consideration by pointing out that the steamship line had contracted for the watchman to guard the property of its shippers and not to guard its own property. We do not think that the factual situation existing in the cited case is any different in principle from that in the instant case.
The jurisprudence established by Louisiana courts is similar. The original Sec. 6 of the workmen's compensation law, as amended, (now LSA-R.S. 23:1061) has been applied in a variety of cases, some of which are Kline v. Dawson, 230 La. 901, 89 So.2d 385; Thibodaux v. Sun Oil Co., 218 La. 453, 49 So.2d 852; Seabury v. Arkansas Natural Gas Corporation, 171 La. 199, 130 So. 1; Wysinger v. Godfrey, La.App., 86 So.2d 597; Wynn v. Fidelity & Casualty Company of New York, La. App., 85 So.2d 315; Dandridge v. Fidelity & Casualty Co. of New York, La.App., 192 So. 887. In each of these cases the claimant was an employee of the independent contractor, and it was held that work he was performing was part of the business, trade or occupation of the principal. The cases involved employees hauling logs for a lumber company, working over oil wells, hauling pipe to be used in the drilling of an oil well, welding on an oil well, and removing a partition wall within the building of the principal who was a lumber and building supplier.
Plaintiff has cited several cases in support of his contention that a watchman in the brewery plant supplied on contract by Pinkerton Detective Agency is not such a workman who comes within the purview of the workmen's compensation statute quoad the defendant, but we deem the cases inapposite and feel that none of them merits discussion except Lincoln v. Appalachian Corporation of Louisiana, 146 La. 23, 83 So. 364, 7 A.L.R. 1697. In this case a watchman furnished the defendant by a detective agency was awarded damages in his suit in tort for injuries sustained while on duty in the defendant's building. So far the case seems to be very similar to the case under consideration, but it may be easily distinguished therefrom; first, no defense was made that the plaintiff came under the provisions of the workmen's compensation statute, and the point we have under consideration because of the instant defendant's special defense was never put at issue before the court. No case is authority on any point except that which was presented to the court and that which the court decides. Southern Amusement Co., Inc. v. City of Jennings, 180 La. 800, 157 So. 720. Secondly, in Lincoln v. Appalachian Corporation of Louisiana, supra, it does not appear what the nature of the defendant's business, trade or occupation was, and there is no way of telling whether said defendant was engaged in a hazardous business within the purview of the compensation statute or that a claim under the statute could have possibly been made.
Our conclusion must be that whatever injuries plaintiff sustained arose from an accident under circumstances which make the workmen's compensation law of the State of Louisiana applicable, and the only result that this court can reach is that plaintiff neither had nor has a cause of action in tort against Jackson Brewing Company.
For these reasons the judgment appealed from is affirmed.
Affirmed.