Mr. and Mrs. Camille **MATHERNE**
v.
**SUPERIOR OIL COMPANY.**
Civ. A. No. 11831.

United States District Court
E. D. Louisiana,
New Orleans Division.
July 24, 1962.

Frank J. D'Amico, Robert Haik, New Orleans, La., for plaintiffs.

Terriberry, Rault, Carroll, Yancey & Farrell, Rufus C. Harris, Jr., James L. Schupp, Jr., New Orleans, La., for Superior Oil Co.

ELLIS, District Judge.

On or about December 27, 1960, Lawrence Matherne, an employee of J. T. Construction Company, was ordered to deliver a load of pipe to the Superior Oil Company. Matherne was a regular truck driver for J. T. Construction Company. Part of the delivery trip to Superior's drilling site was over water and Matherne and his truckload of pipe were placed aboard a barge and taken across navigable water to the delivery point. Matherne aided in the loading and unloading of the pipe. On the return trip Matherne apparently stepped out of his truck and fell off the barge. He was drowned. Plaintiffs are Matherne's parents and they bring an action styled "Maritime Tort" against Superior Oil Company alleging that the unseaworthiness of Superior's barge and the negligence of Superior's employees were the proximate cause of their son's death. Specifically plaintiffs allege that the failure to provide guard rails on the barge rendered it unseaworthy.

Plaintiffs also filed a suit in the District Court for Terrebonne Parish, State of Louisiana, against J. T. Construction Company seeking an award under the Louisiana Workmen's Compensation Law.[1] Superior was not joined in that action although it might have been under the statute.[2]

1. LSA–R.S. § 23:1021 et seq.

2. LSA–R.S. § 23:1063.

Defendant moves to dismiss this action on the grounds that plaintiffs' sole remedy is under the Louisiana Workmen's Compensation Law since, it is alleged, Matherne and J. T. Construction Company were engaged in the trade, business or occupation of Superior Oil Company on the day of the accident.[3] Under the interpretations of the Louisiana Compensation Statute, the exclusive remedy provisions apply to the principal as well the immediate employer.[4] Defendant alleges that this case falls into the "twilight zone" and that plaintiffs' initial suit in state court precludes any recovery against Superior Oil Company.

This is another of those "simple cases" which concerned Judge Brown in Flowers v. Travelers Insurance Co., 5 Cir., 258 F.2d 220, cert. denied, 359 U.S. 920, 79 S.Ct. 591, 3 L.Ed.2d 582. The facts of this unfortunate accident raise legal problems of substantial complexity, since Lawrence Matherne died in the "twilight zone."

This case bears a marked resemblance to Davis v. Department of Labor and Industries of Washington, 317 U.S. 249, 63 S.Ct. 225, 87 L.Ed. 246, the genesis of the twilight zone. There a land-based welder, engaged in dismantling a bridge, momentarily went aboard a barge being used as part of the bridge dismantling job. The welder was injured on the barge and the Supreme Court held that the question of jurisdiction for federal or state workmen's compensation was so uncertain that either the federal or state acts might apply. At bar we have a land-based truck driver who temporarily goes aboard a barge for the purpose of delivering pipe to a drilling site. The Supreme Court's recent decision in Calbeck v. Travelers Insurance Co., 82 S.Ct. 1196, 1962, seems to foreclose the question of the proper application of the Longshoremen's and Harbor Workers, Act[5] in this case.[6] However, Calbeck did not abolish the choice of remedies doctrine of Davis, supra. Nor, apparently, did Calbeck erase the twilight zone,[7] as suggested in the dissent. We are left with the conclusion that this is a twilight zone case and it must be dealt with accordingly.

■ Precisely at what point the choice of remedies is made is not clear. Several courts have allowed a plaintiff to enter both state and federal courts.[8] One thing is certain. Acceptance of payments under one compensation act does not foreclose relief under the other.[9] Likewise the election must be binding on the party before it amounts to a Davis election.[10] The implication is strong that at least a final determination of recovery by one forum or another is necessary for the election to be final.[11] We read Calbeck and Holland v. Harrison Brothers Dry Dock, 5 Cir., 1962, 306 F.2d 369, to mean that a party does not confer jurisdiction by merely filing a suit in one forum or another.

The status of this case at present, then, is that plaintiffs are in the twilight zone and have made an initial choice of both

---

3. LSA–R.S. §§ 23:1032, 23:1061.

4. Thibodaux v. Sun Oil Co., 218 La. 453, 49 So.2d 852; Gant v. Jackson Brewing Co., La.App., 112 So.2d 767; Kent v. Shell Oil Co., 5 Cir., 286 F.2d 746.

5. 33 U.S.C.A. § 901 et seq.

6. The Supreme Court held that the federal act would apply to injuries occurring on navigable water regardless of whether the state act might apply.

7. In what was perhaps the first Court of Appeals decision after Calbeck, the Fifth Circuit cited Calbeck and applied the twilight zone doctrine. Holland v.

Harrison Brothers Dry Dock, 5 Cir., 1962, 306 F.2d 369.

8. Newport News Shipbuilding & Dry Dock Co. v. O'Hearne, 4 Cir., 192 F.2d 968; Western Boat Building Co. v. O'Leary, 9 Cir., 198 F.2d 409.

9. Calbeck v. Travelers Insurance Co., 82 S.Ct. 1196, 1962; Holland v. Harrison Brothers Dry Dock, supra.

10. Calbeck v. Travelers Insurance Co., supra, 82 S.Ct. at page 1206.

11. Holland v. Harrison Brothers Dry Dock, supra, 306 F.2d at page 373.

forums by filing a state compensation suit in state court against Matherne's employer and a maritime tort suit in federal court against Superior. Since the Longshoremen's and Harbor Workers' Act does not have a "trade, business or occupation" clause, in the admiralty jurisdiction it is not the exclusive remedy against Superior Oil Company. Plaintiffs thus seek a state statutory remedy within the state's jurisdiction and a federal maritime remedy within the federal maritime jurisdiction against the same party. Defendant alleges that the exclusive nature of the state statute prevents the federal maritime remedy.

■ Even though Matherne was a land-based worker and only temporarily on Superior's barge, he had loaded and unloaded the barge and was engaged in furthering the purpose of a vessel on navigable water, namely, transporting a cargo of pipe, at the time of his death. "The work he was doing was maritime. * * * The non-maritime nature of the so-called regular work or duties is completely irrelevant." Flowers v. Travelers Insurance Co., supra at 221 of 258 F.2d.[12] Matherne's work was incident to performing the service of the ship and he was, for all practical purposes, entitled to protection as a seaman. "It seems, therefore, that when a man is performing a function essential to maritime service on board a ship the fortuitous circumstances of his employment by the shipowner or a stevedoring contractor should not determine the measure of his rights." Seas Shipping Co. v. Sieracki, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed 1099. In short, Superior owed Matherne a duty of seaworthiness.[13] Plaintiffs allege that Superior breached that duty.

■■ Where the injury is land based and wholly within state jurisdiction, a state statute may affect federally created rights, including the exclusion of an unseaworthiness claim. Grant Smith-Porter Co. v. Rohde, 257 U.S. 469, 42 S.Ct. 157, 66 L.Ed. 321; Kent v. Shell Oil Co., 5 Cir., 286 F.2d 746. However, where federally created rights exist in an area in which there is concurrent jurisdiction, such as the twilight zone, state law may not affect them. Federal law is paramount in this area. Koninklyke Nederlandsche Stoomboat Maalschappy N.V., Royal Netherlands SS C. v. Strachan Shipping Co., 5 Cir., 1962, 301 F.2d 741, rehearing denied June 20, 1962. Leonard v. Lykes Brothers Steamship Co., E.D.La., 1962, —— F.Supp. ——. Hence the exclusive remedy provision of the Louisiana Workmen's Compensation Law may not preclude an unseaworthiness claim against a third party in the twilight zone.[14] In Alphonse Leonard v. Lykes Brothers Steamship Co., supra, Chief Judge Christenberry, Division A of this court, relying on Royal Netherlands, supra, held that even though plaintiff was clearly covered by the Louisiana Compensation Statute, the exclusive remedy provisions of that statute could not, due to the Extension of Admiralty Act, 46 U.S.C.A. § 740, deny plaintiff an unseaworthiness claim against a shipowner even when the shipowner and plaintiff's employer were the same party.

■ The conclusion is that we need not consider the suit presently pending in the state court. Whether the Louisiana statute is exclusive for compensation purposes is immaterial so long as maritime jurisdiction is properly invoked here. That statute, on the facts of this case, cannot constitutionally affect plaintiffs' federally protected right to a sea-

---

12. Pennsylvania R. Co. v. O'Rourke, 344 U.S. 334, 73 S.Ct. 302, 97 L.Ed. 367; Parker v. Motor Boat Sales, Inc., 314 U.S. 244, 62 S.Ct. 221, 86 L.Ed. 184.

13. Seas Shipping Co. v. Sieracki, 328 U.S. 85, 66 S.Ct. 872.

14. The dictum in Kent which evoked the Petition for Rehearing in Royal Nether-

lands Steamship Co. v. Strachan Shipping Co., supra, is not to the contrary. Kent involved an injury to a man on dry land with no physical relation to ship or drydock. The plaintiff in Kent was on the state side of Jensen and there state law is paramount when it is exclusive by statute. Grant Smith-Porter Co. v. Rohde, 257 U.S. 469, 42 S.Ct. 157.

worthy vessel. Southern Pacific Co. v. Jensen, 244 U.S. 205, 37 S.Ct. 524, 61 L.Ed. 1086. The motion to dismiss must be denied.

SO ORDERED.

Decree to be appended.