GULF OIL CORPORATION and the
Travelers Insurance Company,
Plaintiffs,

v.

William M. O'KEEFFE, Deputy Commis-
sioner, Sixth Compensation District, Bu-
reau of Employees' Compensation, U. S.
Department of Labor, Defendant.

Civ. A. No. 8016.

United States District Court
E. D. South Carolina,
Charleston Division.

March 15, 1965.

William H. Vaughan, Jr., Charleston, S. C., for plaintiffs.

Terrell L. Glenn, U. S. Atty., Columbia, S. C., Thomas P. Simpson, Asst. U. S. Atty., Charleston, S. C., and Leavenworth Colby, Chief, Admiralty and Shipping Section, United States Department of Justice, Washington, D. C., for defendant.

MARTIN, District Judge.

This cause arises upon a complaint to review and set aside as not in accordance with law a compensation order filed on March 4, 1963, by William M. O'Keeffe, Deputy Commissioner, Bureau of Employees' Compensation, United States Department of Labor, pursuant to the provisions of the Longshoremen's and Harbor Workers' Compensation Act of March 4, 1927, 44 Stat. 1424, 33 U.S.C. § 901 et seq. In said order the deputy commissioner awarded compensation (death benefits) to the surviving wife and widow and to the minor children of William A. Stallings who died by drowning while engaged in loading a barge afloat in Shipyard Creek, navigable waters of the United States.

The complaint alleges, in effect, that on the basis of the evidence in the record of the proceedings before the district commissioner the death of the employee is not within the coverage provisions of the Longshoremen's Act.

On November 27, 1961, the deceased (Stallings) was employed as an engineer and was engaged in loading the barge "E. S. S. O. No. 13" which was afloat in Shipyard Creek. This was a part of the regular duties of the deceased. The deceased, while standing on the barge, announced that he was going to get a ladder. He was last seen making an effort to get off the barge on to the dock —immediately thereafter a splash was heard. The deceased was found in the water between the dock and the barge, drowned.

Plaintiff contends that the deceased fell from the dock and that there is no federal compensation in such a case. The deputy commissioner concluded that the deceased died from drowning in the navigable waters of the United States following a fall from the barge.

The conclusion that the deceased fell from the barge is supported by the testimony. Recovery should be allowed whether he fell from the dock or the barge, Calbeck v. Travelers Insurance Co., 370 U.S. 114, 82 S.Ct. 1196, 8 L.Ed. 2d 368 (1962); Interlake Steamship Company v. Nielsen, 338 F.2d 879 (6 Cir. 1964); Boston Metals Company v. O'Hearne, 329 F.2d 504 (4 Cir. 1964), Cert. den. 379 U.S. 824, 85 S.Ct. 49, 13 L.Ed.2d 34.

Plaintiff further takes the position that claimant has made an election by pursuing the remedy available under the South Carolina Workmen's Compensation Law. The deputy commissioner has found that the deceased was clearly within the maritime jurisdiction of the United States, and this Court has accepted that finding. It follows that no binding election could be made by the claimant to the exclusion of her federal remedy, Newport News Shipbuilding & Dry Dock Co. v. O'Hearne, 192 F.2d 968 (4 Cir. 1951). Of course the compensation heretofore awarded by the state commission is to be credited upon the award of the deputy commissioner.

Even if it could be said that this is a "twilight zone" case the result would be the same. The state compensation award was based on plaintiffs' stipulation of coverage and no decision was made concerning the matter. A state compensation hearing was held but its only purpose was to determine who the beneficiaries were. Claimant was not represented by counsel at this hearing. There is no evidence whatsoever in the record to indicate that claimant ever "elected" to forego her federal remedy.

The record shows only that she accepted the state compensation award. Under these circumstances there was no election. Calbeck v. Travelers Insurance Company, 370 U.S. 114, 82 S.Ct. 1196, 8 L.Ed.2d 368 (1962); See also Holland v. Harrison Bros. Dry Dock and Repair Yard, Inc., 306 F.2d 369 (5 Cir. 1962), modified on rehearing 308 F.2d 570 and Matherne v. Superior Oil Company, 207 F.Supp. 591 (E.D.La.1962). For the above reasons,

It is ordered that the prayer of the complaint seeking to enjoin the compensation order herein is denied and the said award is affirmed.